### No. 12,211.

NEW ORLEANS CANAL AND BANKING COMPANY VS. LEEDS & CO., LIMITED.

The movables permanently attached to a factory, if the factory is an immovable property, are also immovable, and as such, subject to a mortgage bearing upon the whole factory.

One who has no interest in a fund has no right to interfere in its distribution.

A debtor unless he alleges and shows that he has an interest of some sort involved is without right or authority to raise the question of the illegality of the transfer of the claim for which he is sued.

The books of a corporation are admissible in evidence to prove the claim of a creditor, as against other creditors, if it is shown that they are correctly kept, and all the circumstances support the entries as to their verity.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

*Branch K. Miller* for Plaintiff, Appellee.

---

*Hugh C. Cage* and *Benjamin Rice Forman* for Receivers and others, Third Opponents, Appellants.

---

*Carroll & Carroll* for Mrs. Charles J. Leeds Defendant in Third Opposition, Appellant.

---

Argued and submitted November 18, 1896.
Opinion handed down December 14, 1896.
Rehearing refused January 18, 1897.

---

The opinion of the court was delivered by

BREAUX, J.    This is an action *via executiva*, to enforce the payment of three notes secured by mortgage.

The property mortgaged is the "Leeds Foundry," and is described

as consisting of parcels of ground, in the First District of this city, with the buildings and improvements. The evidence discloses that the machinery, consisting of boilers, engines, lathes and other implements, which the third opponents claim are not mortgaged, were placed by the owners for the improvement and service of the foundry, before the date of plaintiff's mortgage.

The liquidators of the insolvent firm of "Leeds & Co., Limited," mortgagors, in their petition of intervention and third opposition, allege that plaintiff owns only one of the three notes, and that the other two notes are owned by Mrs. Charles J. Leeds. That included in the property seized are tools and other implements not affected by the mortgage.

They pray for separate appraisement and the amount of the sale of this property be distributed among the ordinary creditors.

They allege further that she is not a creditor of the corporation of Leeds & Co., Limited. That the latter had no authority to mortgage its property to her or to give her any interest in the notes secured by the mortgage, for which it received no consideration.

The plaintiff and Mrs. Leeds, in separate answers, in substance, denied the averments of the third opponents.

1. The judgment of the District Court maintained the opposition in so far as to limit the interest of the plaintiff, subrogee, in the claim sued on, to one note of five thousand dollars, with interest, and limited the interest of Mrs. C. J. Leeds in the other two notes of the three notes sued on to six thousand three hundred and sixty-nine 55-100 dollars with interest, and added an order in regard to fees and costs.

With these exceptions stated in the judgment, the oppositions of Henry Rennyson and John P. Baldwin, liquidators and receivers, were dismissed.

From this judgment the opponents have appealed.

Mrs. Leeds also prosecutes an appeal.

The first question which this case presents is whether the "movables" were part of the foundry and immovable by destination, and as such, subject to plaintiff's mortgage.

The tools, lathes and machines, forming part of a foundry, and used in its works, become immovable by destination. These improvements in the Leeds foundry, in so far as it was needful to the operation of the foundry, were permanently attached to the realty, and

rested upon brick and mortar. At the time the Civil Code was adopted, interests in manufacturing industries were quite limited. The article of the Civil Code, 458, is, in consequence, not as large and full upon that point as it is in regard to agricultural immovableness. At this time, the conditions of the two do not greatly differ. The movables permanently attached to factories, if the factory itself is immovable, become an immovable by destination, in the same manner that things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination. C. C. 468.

Applying this rule we think that the " movables " were subject to plaintiff's mortgage.

Williams vs. Sheriff, 47 An. 1286; Baldwin vs. Sheriff 47 An. 1468; Maginnis vs. Oil Company, 47 An. 1496; Citizens Bank vs. Knapp, 22 An. 117; Theurer vs. Hautre, 23 An. 749; Folger vs. Kenner, 24 An. 436.

This brings us to the second question involved in the case, that is, whether after imputing the proceeds of the sale to the payment of the mortgage preceding in rank the mortgage claimed by one of the appellants, Mrs. Leeds, there remains anything to be imputed to the payment of the claim of any one.

It is undisputed, plaintiff held two prior mortgages in addition to the amount of its claim in these foreclosure proceedings. The adjudicatee of the property retained in his hands an amount of a mortgage also undisputed, i. e., the mortgage mentioned for identification as the Butler mortgage. It appears by the sheriff's return, admitted in evidence without objection, that there will remain after payment of these mortgages only a small amount which would be imputable to the payment of the creditors subsequent to plaintiff in rank of claim, were it not that there are one or more balances unsatisfied under the terms of the prior mortgages, so that be the final result of the litigation what it may, opponents and other creditors will not recover, and are absolutely without any interest.

It will be observed that the prior claims are not contested. The objection is directed against Mrs. Leeds' claims as alleged holder of the notes secured by mortgage. She is not to collect anything.

This court has decided where one had no right in the fund distributed he can not contest its distribution. Tiner and Conrey vs. Steamer Bride, 5 An. 756.

It follows as a conclusion that those who dispute the claim of an alleged creditor are without interest to have the illegality determined if it be manifest that the alleged creditor can not possibly have any interest in the fund held to be distributed.

To sustain a third opposition against an alleged creditor the intervenor must allege and prove that he has an interest involved in the suit as against the particular alleged creditor whose claim he contests. Coleman vs. Coleman, 37 An. 566.

In addition, the want of interest is apparent in so far as relates to the debtor's right to contest.

The debtor is the corporation of Leeds & Co., Limited.

It received credit of an amount ostensibly, at least, advanced by the wife of one of the incorporators. The receivers represent the firm and must here be held, on this point, to the rule which would apply to the firm. We have not found a word of testimony proving that Charles J. Leeds, the husband, is indebted to the firm. In the absence of such proof, it can not be a matter of much concern, either to the corporation or to the liquidators who is the creditor. It, or they have no interest in the result, and can not sustain objections that can not be of any one avail save to interested persons; particularly as fraud is not alleged or intimated.

We pass to the last point in the case; our views heretofore expressed render it unnecessary to dwell, at any length, upon the issues it presents.

First, the entry in the books of Leeds & Co. were offered in evidence by Mistress Leeds.

To which evidence the third opponent objected on the ground that the books of an insolvent corporation can not be used in evidence as against other creditors.

In argument at the bar, the case of Calder vs. His creditors, 47 An. 1539, was cited in support of the objection. The conditions are not the same.

In the cited case the witnesses had no knowldge that qualified them to satisfactorily prove the indebtedness; the case was remanded for further proof.

In the present case there was nothing suspicious in the appearance of the books; the manner they were kept and the entries as made, besides they were supported by ample corroborative proof.

Finally, *ex industria* we have examined the only remaining ques-

tion. In our view it is not actually before us for decision. We agree with the District Judge that it appears of record that she had the amount which she subsequently delivered to her husband; that it was invested by him in his business; that notes were made by him secured by mortgage for her security; that these notes were actually deposited as such security with plaintiff's bank; that at a time subsequent, at the instance of plaintiff through its president, these notes were surrendered by her and delivered to plaintiff bank in order to enable the corporation of Leeds & Co. to obtain a loan which it used for the purpose of its business; that in lieu of the surrendered security to the bank, the notes secured by mortgage of Leeds & Co. were held as her security.

These being the facts, we think the judgment should be affirmed. It is affirmed.