ST. PAUL, J.
 

 As the defendant’s brief correctly states, “This is a suit sounding in damages.”
 

 The petition contains many allegations-, makes numerous charges, and sets forth many claims, of which little is said in the evidence and nothing in brief or in argument. We will confine ourselves to those matters which appear to us to afford plaintiff some ground for complaint.
 

 I.
 

 Plaintiff loaned one Onile Cormier some $19,800 (thé unpaid balance), secured by mortgage (duly recorded) upon a plantation, to-giether With the Improvements thereon and all appurtenances thereunto belonging. The mortgage not having been paid, plaintiff foreclosed and bought in the plantation, etc., for $15,000, thus leaving a balance still due plaintiff, interest and attorney’s fees considered, of some $8,212 upon its said claim. For which amount plaintiff now asks judgment in solido against said Cormier and the Gueydan Bank, under the following circumstances:
 

 II.
 

 Subsequent to the giving and recording of plaintiff’s mortgage, but before the foreclosure thereunder, the bank, as a creditor of -Cormier in a sum exceeding $14,000, seized and otherwise took possession of and sold, with his consent, in part satisfaction of its claim, all the gathered crops, all the cattle and work animals, and all the machinery and farming implements on said plantation.
 

 III.
 

 As the gathered crops were not part of the realty (R. C. C. art. 465), they were not subject to plaintiff’s mortgage; hence plaintiff has no cause for complaint that they were seized by another.
 

 The same may be said of the cattle and work animals. They were not affected
 
 *1065
 
 by plaintiffs mortgage, because they were not “described, as near as may be, by kind, age, color, marks, brand and such other indicia by which live stock is identified,” as required by Act No. 169 of 1914, p. 287.
 

 IV.
 

 But the case is different as to the farming implements and machinery upon the plantation, placed there for its service and improvement and made use of in carrying on the plantation works. These were immovable by- destination and subject to plaintiffs mortgage. R. C. C. art. 468; Canal
 
 &
 
 Banking Co. v. Leeds, 49 La. Ann. 123, 21 So. 168.
 

 As such they are not subject to seizure separately from the land
 
 even by the mortgagee of the land
 
 (Tison v. Taniehill, 28 La. Ann. 793), and therefore much less by another and to the prejudice of such mortgagee.
 

 Hence plaintiff may justly complain of the bank having seized and sold the implements and machinery upon the mortgaged land, and the bank must therefore account for them.
 

 V.
 

 These farm implements and machinery were bought and removed by the bank. The farm implements seem to have been overlooked by the trial judge, but he recogniz-' ed plaintiff’s right of mortgage upon the machinery and ordered it sold in satisfaction of plaintiffs claim. Erom which judgment plaintiff appeals.
 

 VI.
 

 Our conclusion is that a mere recognition of plaintiff’s right of mortgage upon the machinery and farm implements, at this time (nearly four years after their removal), will not do full justice between the parties. The original removal of the property and subsequent refusal to restore it even to this date constitutes a species of conversion, and plaintiff is entitled to treat it as such and sue for the damages suffered (the value of the property) rather than for the return of the property itself. Thayer v. Manley, 73 N. Y. 305.
 

 VII.
 

 There is no evidence in this record as to the value of the farm implements removed, except the price for which they were bid in by the bank, i. e., $820; likewise ■ as to the two pumps which were removed, i. e., $100. The evidence as to the two engines is (we find) that the 60 horse power engine would be worth
 
 new
 
 $3,300, and the 40 horse power engine would be worth
 
 new
 
 $2,600, and that their present value is about one-half thereof, i. e., $1,650 and $1,300, respectively, or say $2,950 for the two.
 

 We therefore think that plaintiff should have judgment against the bank for $3,870, i. e., $S20, $100, and $2,950, and, of course, for the full $8,212 against Cormier, that is to say, for $4,342 beyond the amount-awarded against him in solido with the bank; all with legal interest from judicial demand.
 

 Decree.
 

 The judgment appealed from is therefore set aside, and it is now ordered that plaintiff, Alliance Trust Company, Limited, do have and recover judgment against defendants the Gueydan Bank and Onile Cormier in solido, for the full sum of $3,870, with legal interest from judicial demand and ,all costs of both courts, and that plaintiff have also judgment against said Onile Cormier alone for the further sum of $4,342, with like interest from judicial demand.