No. 3939

Second Circuit

(Second Division)

## BASS v. SOUTHERN STATES BOTTLE CO., INC., ET AL.

(July 16, 1931. Opinion and Decree.)

Booth & Grafton, of Shreveport, attorneys for plaintiff, appellee.

Milling, Godchaux, Saal & Milling of New Orleans, and W. M. Phillips and C. F. Currier, of Shreveport, attorneys for opponent, appellee.

Booth & Grafton, of Shreveport, attorneys for defendant in rule, appellant.

TALIAFERRO, J. The Southern States Bottle Company, Inc., on April 26, 1929, was placed in the hands of a receiver by the First District Court of the parish of Caddo, and B. A. Bass was appointed and qualified as receiver. Lawrence B. Fabacher, resident of city of New Orleans, held a mortgage for $17,000 against the following described property of said corporation, viz.: Lots 20, 21, 22, 23, 24, 25 and 26 of block D, Southside Park subdivision, parish of Caddo, as per map in Conveyance Book No. 50, page 503, records of Caddo parish, La., together with all buildings, improvements, appurtenances and privileges thereunto belonging or in any wise appertaining. Said mortgage to Fabacher was recorded in Mortgage Book No. 123, page 673, of records of said parish of Caddo.

On November 25, 1929, Fabacher instituted foreclosure proceedings on his mortgage in the First District Court of the parish of Caddo; the suit being styled Lawrence B. Fabacher v. B. A. Bass, Receiver, No. 52,663 on the docket of the court, and the mortgaged property was seized by the sheriff and sold, after advertisement, to said Fabacher, on March 8, 1930. Thereafter, on May 15, 1930, said receiver obtained an order of court authorizing the sale of the remaining assets of the Southern States Bottle Company, Inc., and on June 14, 1930, made sale thereof to Earl

Carey, including the following: One lot of miscellaneous machinery used in the manufacture of bottles, including one Brown electric pyrometer No. 43,673; one Sturtevant fan; one pair of Fairbanks scales, capacity 500 pounds; two wheelbarrows; two small hand trucks; one sectional conveyer; one No. 44 glass bottle blowing machine; standard O'Neill conveyor for same; one blower motor, No. 134,630; one induction motor made by Chalmers Manufacturing Company, serial No. 20—G-108-611-14; one induction motor made by General Electric Company, No. 3775423; one lot of molds and crates, 325 crates made up, 337 molds, and one lot of miscellaneous crate material; blocks for furnace.

The receiver then petitioned the court for an order approving and homologating his action in making sale of said property and other property of the company under the court's order. This application was opposed by Fabacher on the ground and for the alleged reason that said property was acquired by him at the sheriff's sale under his mortgage on March 8, 1930, his allegations on the subject being:

"That upon the above described real estate and as part thereof was situated the manufacturing plant of Southern States Bottle Company, which plant together with all machinery, appliances, tools, implements, equipment, etc., and all appurtenances thereto are, under the law, immovable by nature or destination and form and constitute part and parcel of the real estate and as such affected by the mortgage held by your opponent, were covered by the seizure and sale above mentioned, were sold at the sheriff's sale above referred to and upon your opponent's purchase at sheriff's sale, became the property of your opponent to the same extent as did the land upon which the same was situated."

It is further alleged in the opposition that no title to any of said things was legally conveyed to Earl Carey by the receiver on June 14, 1930, and that the purported sale thereof should be decreed null and void, and opponents' ownership of same recognized.

There was no dispute as to the facts. The case was tried and submitted to the court upon an agreed stipulation of facts covering the record facts and others relevant to the issue involved.

Judgment was rendered in favor of Fabacher, opponent, recognizing him to be the owner of the property described in his opposition, excepting 325 crates made up and the lot of miscellaneous crate material, and decreeing the receiver's sale thereof to Carey null and void. Carey appealed.

There is now no real controversy over the ownership of the property described and involved in this opposition. Counsel for Carey, appellant, in brief, admits that said property was placed on the mortgaged real estate subsequent to the giving of the mortgage thereon to Fabacher, and that same was necessary for the proper operation of the bottle factory, and that since this appeal was perfected the decision in Braud's Sugars, Inc., v. Williams Richardson Co., Limited, reported in 15 La. App. 616, 132 So. 670, was rendered, settling the issues in this suit.

Other decisions to same effect: Bank of Lecompte v. Lecompte Cotton Oil Co., 125 La. 844, 51 So. 1010; Straus v. City of New Orleans, 166 La. 1035, 118 So. 125; Maginnis v. Union Oil Co., 47 La. Ann. 1489, 18 So. 459; New Orleans Canal & Banking Co. v. Leeds & Co., 49 La. Ann. 123, 21 So. 168.

The judgment appealed from is therefore affirmed.