## WARREN v. WHITE.
### No. 7504.

Circuit Court of Appeals, Fifth Circuit.
March 27, 1935.

A. W. Cooper and Burt W. Henry, both of New Orleans, La., for appellant.

Sol Weiss, of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was, for a long time, owner of a note and mortgage on, and since October, 1928, has been the owner, by foreclosure proceedings, of that certain portion of ground constituting, with the brick factory building, and the knitting machinery and machines on it, the knitting mills of the Floradel Knitting Mills, Inc., now bankrupt. This appeal is from a finding and order adverse to her claim that the machinery and machines which were placed in the building many years ago by the Floradel Knitting Mills, Inc., its owner, until the foreclosure in 1928, for its service and improvement, and with it constituting the Knitting Mills were, by Civ. Code, art. 468,[1] immovable by destination, and, as such, were under the mortgage, and passed with the property at the sale. The facts were agreed to. The only contention is as to their effect in law. The mortgage executed by Floradel Knitting Mills on June 12, 1920, thus described the property:

"A certain portion of ground, situated in the Third District, in Square No. 370, bounded by Love (now Rampart) Spain, Goodchildren (now St. Claude) and Washington (now St. Roch Avenue) and forming the corner of Love (now Rampart) and

---

[1] "468 (459) *Immovables by destination—Illustrations.*—Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination. Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to-wit: Cattle intended for cultivation. Implements of husbandry. Seeds, plants, fodder, and manure. Pigeons in a pigeon house. Beehives. Mills, kettles, alembies, vats, and other machinery made use of in carrying on the plantation works. The utensils necessary for working cotton, and saw-mills, taffia distilleries, sugar refineries and other manufactures. All such movables as the owner has attached permanently to the tenement or to the building are likewise immovable by destination."

Spain Streets, which said portion of ground measures 64 feet front on Spain Street by 100 ft. in depth, and front on Love (now Rampart) Street and 64 feet in width on the rear line, all American measure, and is formed of parts of lots 308 and 309 on original plan of Faubourg Marigny, dated March 16, 1806.

"Together with all buildings, improvements, appurtenances, servitude, rights, ways, privileges, prescriptions and advantages belonging to or in any wise appertaining to the said property, including all batture and riparian rights as well as all other rights of a riparious nature. * * *" It was agreed "that the buildings and improvements on the property * * * mortgaged * * * consisted of a two story brick factory building and constituted a knitting mill which was owned and operated by said Floradel Knitting Mills, Inc. * * * for the manufacture of hosiery, stockings, socks and other articles. In said building for the purpose of manufacturing said articles and for the exclusive use in the manufacture of same said Floradel Knitting Mills had installed and there was then located in said knitting mills at the time of said foreclosure proceedings and the sale of said property, the following machinery towit:—

"75   Knitting Machines complete.
" 2   Branton Knitting Machines complete.
"15   Wright Steady Dial Looping Machines
"12   Morrow Sewing Machines Style No. 60 U.D.
     "Spool Holders complete with pulleys, tables and shaftings.
" 1   Emery Machine
" 1   No. 1337 Proctor Dryer
" 1   Lot of Footers"

It was agreed:

"All of said machinery had been placed in said building by * * * the owner of said building and the land on which the building was located in order to enable Floradel Knitting Mills Inc. to carry on its manufacturing business therein and was used exclusively for that purpose."

All of it was in the building at the time of the sale and adjudication in the executory proceedings, and at the time of the writ of seizure and sale to appellant. The creditors of the bankrupt contending that they were not immovable, but were movables, the trustee, over the protest of appellant, sold the machinery and machines as they stood in the building for $1,000. The controversy arises over whether appellant or the estate owns the proceeds.

Appellant does not claim here that any of the machinery or machines were attached permanently to the tenement or building, nor built into the walls or floors in such manner that they could not be removed. Her claim is that the act of the owner in placing them upon the property for its service and improvement has made them immovable. Appellee's argument is devoted to an effort to confine the Code article within the narrowest bounds. He argues that except as to the particular "manufactures" named in the article, things are not made immovable by destination by merely placing them in buildings for the use of the buildings. They must be placed on a tract of land for its service and improvement. Illustrating this contention, he argues that since the building in this case was not put on the land for a factory, and no substantial changes were made in it to adapt it to such use, neither the buildings nor the machines can be said to have been placed on the tract of land for its service and improvement.

We do not think the article is subject to such narrowing. We think it extends to and embraces machines and machinery like these which, with the building and land, constitute a manufactory. We think the Code article providing that the "utensils necessary for working * * * and other manufactures" in terms makes these articles immovable. But if it does not, it is well settled that those things enumerated are merely by way of illustration, and are in no sense exclusive. The uniform construction of the article by the courts leaves us in no doubt that it extends to and embraces machines placed like these are, in manufacturing establishments of this kind. Bank of Lecompte v. Lecompte Cotton Oil Co., 125 La. 844, 51 So. 1010; Straus v. City of New Orleans, 166 La. 1035, 118 So. 125; Brauds' Sugars, Inc. v. Williams, 15 La. App. 616, 132 So. 670; Bass v. Southern States Bottle Co. Inc., 17 La. App. 304, 136 So. 159; Morton Trust Co. v. American Salt Co. (C. C.) 149 F. 540; Maginnis v. Union Oil Co., 47 La. Ann. 1489, 18 So. 459; New Orleans C. & B. Co. v. Leeds, 49 La. Ann. 123, 21 So. 168; Coguenhem v. Trosclair, 137 La. 985, 69 So. 800. Such tendency toward restricting the article to require permanent affixing as has been exhibited in the Louisiana decisions has not manifested itself in connection with "manufactures," but in connection with residences and commercial establish-

ments. Instances of this are L'Hote v. Fulham, 51 La. Ann. 780, 25 So. 655, a dwelling house; Scovel v. Shadyside, 137 La. 918, 69 So. 745, Ann. Cas. 1917B, 178, a dwelling house; Day v. Goff, 2 La. App. 75, fixtures in an ordinary mercantile store. In the Scovel Case the distinction between residences and "manufactures" is pointed out at page 749 of 69 So. There the court said that the condition of the clause, " 'all such movables as the owner attached, permanently, to the tenement or to the building are likewise immovable by destination,' which is equivalent to saying that the preceding declarations, though apparently broad enough to include anything placed on a tract of land, in any manner, by the owner of the land, for its service and improvement, and certainly broad enough to include any 'machinery made use of in carrying on the plantation and works,' and and any 'utensils necessary for working cotton mills * * * and other manufactories' so placed by the owner, was not intended to include movables which the owner has attached 'to the tenement or to the building,' and which become immovable by destination only when attached 'permanently' to such 'tenement' or 'building.' "

It is not necessary for us to decide whether the Legislature by amending Act No. 51 of 1912, Civ. Code, art. 467, so as to specifically include as immovable by destination things placed in buildings of the nature of those discussed in the Scovel Case, and the courts by definitely declaring in later decisions, that the same liberal construction should be given to article 468 as the French courts and commentators give to their corresponding Code article have resulted in extending to residences and mercantile establishments the liberal construction always applied to plantations and manufactories.[2] It is sufficient for the case in hand to say that as to all manufactories the Code article has been given a uniformly liberal interpretation, and that the stipulation in this case that the grounds, and the two-story brick factory equipped by the owner with the machinery in question, constituted a knitting mill, settles the issue in appellant's favor. A portion of ground without a building cannot be a knitting mill, neither can such a portion, though built on, be one unless equipped with knitting machinery.

When an owner determines to convert his portion of ground into a factory, and to dedicate and adapt the buildings on it to that use and completes his purpose by introducing the necessary machinery to exploit the fundus as a manufactory, it may not be doubted that, within the meaning of article 468, the machinery has been placed upon his ground for "its service and improvement." It would be to close the eyes to the realities of the case to say of the knitting machinery here, as was said of the showcases, typewriters, etc., in the Day Case, that they were not placed upon the portion of land in question for its service and improvement, but rather for the convenience of the particular kind of business which the owner was conducting there. Whether that was rightly said in the Day Case we need not determine. It certainly cannot be rightly said here of these machines on premises which for years has been destined, fitted out, and equipped by its owner, for use as a knitting mill, a kind of cotton factory.

Appellant's opposition should have been sustained. The order is reversed and the cause remanded with directions that it be.

[2] Those interested in a further examination of the subject and in a consideration of trends are referred to Miss Margolin's most excellent article on "Immovables by Destination," Tulane Law Review, vol. 5, No. 1, p. 90 et seq., December, 1930, issue.