## No. 13,890.

## SUCCESSION OF E. EVARISTE MOISE.

### SYLLABUS.

<table>
<tr><td>107</td><td>717</td></tr>
<tr><td>108</td><td>568</td></tr>
<tr><td>107</td><td>717</td></tr>
<tr><td>112</td><td>299</td></tr>
</table>

1. The administratrix had authority to employ an attorney to defend a suit brought against the succession she represented   The amount of the fee is fixed and the privilege for its collection is recognized.
2. All the parties admitted that the fee of the notary contested was due in such a manner as to lead to the unavoidable conclusion that it was admitted as carried on the account of the administratrix.
3. "Provisions" to be secured by a privilege must consist of supplies made to the debtor or his family by retail dealers of provisions during the last six months.
4. A receipt showing payment in full of a judgment against a succession and subrogating the one by whom it was paid creates a *prima facie* presumption of a right which was not rebutted.
5. A claim for the reimbursement of amounts which were entirely in the nature of a personal obligation of the debtor is only subject to the prescription of ten years.
6. Facts and corroborating circumstances with the testimony of one witness sustain the claim of one of the creditors of the succession.

7. An account, after the legal delays, may be homologated so far as not opposed, and the amounts claimed limited to the oppositions filed. Cross on Succes sions, p. 480.

8. The administratrix having acknowledged the claim of a creditor carried on her account, to the correctness of which she swore, and other corroborating cir cumstances and the evidence of one witness, were sufficient to sustain a claim for more than $500.00.

9. An annuity was originally rightly credited and the judgment is amended only to the extent necessary to reinstate the claim, as that is all that is claimed under the pleadings.

10. Books of amounts received may be taken as proof against him who has writ-ten them.

11. The administratrix, in settling with one of the creditors, under the circumstances of this case, may invoke compensation against his claim, in case it appears that he owes the succession.

APPEAL from the Civil District Court, Parish of Orleans— *Sommerville, J.*

*Benjamin Rice Forman,* and *John Wagner,* for Administratrix, Rev. P. M. L. Massardier, Mrs. Ernest Pragst, Annie Collins, Herman Levy, Co-operative Publishing Co., B. R. Forman, Appellants.

*Boatner, Dodds & Boatner,* for Mechanics and Traders Insurance Co., Opponent, Appellee.

*McCloskey & Benedict,* for E. Curtis, Opponent, Appellee.

*Dinkelspiel & Hart,* for H. B. McMurray, Receiver of the A. C. Chevallier Pavement Co., Ltd., Opponents, Appellees.

The opinion of the court was delivered by BREAUX, J. •

On the application for rehearing by BREAUX, J.

BREAUX, J. This is an appeal from a judgment homologating a final account of the administration of the Succession of E. Evariste Moise.

The assets of the succession, as shown by this account, amount to six thousand seven hundred and thirty-two and 66-100 dollars ($6,732.66), while on the other hand the debts secured by privileges,

and the debts secured by mortgage amount to four thousand four hundred and fifty-three and 72-100 dollars ($4,453.72), leaving a remainder of two thousand two hundred and seventy-eight and 94-100 dollars ($2,278.94). to be divided among the ordinary creditors of his succession.

Oppositions were filed to this account and they were all passed upon by the learned judge of the District Court, who rendered judgment homologating the account, and afterward reopened the case, and on second trial rendered judgment from which the present appeal is taken.

The first question which is before us for decision grows out of the opposition filed to counsel's fee of two hundred and fifty dollars ($250.00) for writing a brief and arguing before us the case of W. G. Taylor vs. E. E. Moise, 52 Ann. 2016. On the first trial the district judge allowed the amount without privilege; on the second trial he reduced the amount to one hundred dollars ($100.00), secured by privilege. The services were rendered in the case before cited after the death of the defendant. No one can reasonably question the right of the administratrix to employ counsel and defend an important suit against the succession she, as administratrix, is called upon to protect and defend by every reasonable method within her control. She was unable to defend interests of the succession in court without the services of an attorney. The employment gave rise to a succession debt and as such was entitled to preference. This was the view of this court in a leading case upon the subject. It has always been followed since. Friend vs. Graham, 10 La. 439, as will be seen by reference to Succession of Wells, 24 Ann. 163; Succession of P. O. Lauve, 18 Ann. 723; Succession of Whitehead, 3 Ann. 396.

It being settled that the debt is one which is entitled to preference as to its payment, it only remains for us to determine whether or not the fee allowed by the District Court should be increased. The learned judge of the District Court, before whom the case cited, *supra,* was tried, said, in substance, that the case was defended by Mr. Forman with his usual ability and energy, and thought that his services rendered before his court were worth two hundred and fifty dollars ($250.00). Taking this amount as a basis, the administratrix before the court contends that the services on appeal were worth an amount, at least, equal to that it is evident they were worth in the District Court. We are not inclined to that view. Usually less is charged as a

fee on appeal than for services in the District Court up to and includ-
ing all duties performed in obtaining judgment. We agree with our
learned brother regarding the zeal and ability of counsel, at the same
time, for services here we think that one hundred and fifty dollars is a
sufficient fee.

The amount of the fee is frequently made to depend upon the cer-
tainty of payment. Keeping this into account, we conclude to increase
the amount to one hundred and fifty dollars.

The administratrix, through her counsel, says that item 26 of the
account, six dollars and forty-two cents ($6.42), an amount claimed
was admitted in open court, and that the notary is entitled to a
privilege. We are referred to page— of the record showing admis-
sions made as follows: "The item of W. R. Ker, notary, for
services, $6.42, is admitted." The account had been homologated so
far as not opposed, admitting this claim as due. It is secured by
privilege. All parties to the suit admitted that it was a correct claim.

The next items opposed are items 29, 30, 31, 32, 36, 37, 38, 39, 40 of
the account. On appeal the administratrix urges that there was error
in amending her account by judgment, transferring these claims from
privileged to ordinary. She urges that if the English word "pro-
visions" is to have the same meaning as that word in French, viz:
means of subsistence, then they are privileged. The item 31 is for a
diary; item 30 for dry goods and clothing, and item 32 for shoes,
underwear, and men's furnishing goods; item 39 for clothing; item
40 for dry goods; item 29 for excavating; item 37 for plumbing; item
38 for clothing; item 36 for hardware; they do not fall within the term
provision as used in the Code.

The court said: "In the interpretation of the Article 3175 C. C.
reference must be made to Article No. 5. Its language is "supplies of
provisions made to the debtor or his family during the last six months
by *retail dealers,* such as *bakers, butchers and grocers."* Cook vs.
Doyle, 6 Ann. 276. This view of the court is controlling and excludes
the definition of the word as found in French lexicography. The word
provision is defined "A supply of food, that on which one subsists."
Standard Dictionary. Subsists means to provide with subsistance
that which supports life, or food." None of these items fall within the
definition just stated.

Another of the creditors of the succession presented an opposition

in which he claimed four different amounts. One of the amounts is represented by a promissory note carried on the account as due to one of the local banks. Opponent produces receipt of payment of a judgment, interest, and costs evidently obtained against the succession, for the receipt shows that the one paying the note was subrogated against all the "rights, actions, and mortgages against the late E. E. Moise and his succession arising from the note sued on in said above entitled cause." This receipt admitted in evidence without objection was *prima facie* proof of the amount claimed. No attempt was made in any manner to show that it was not the correct amount due. Another item of the claim of this opponent was for obligation of a personal character growing out of kindly offices shown by the opponent to the late E. E. Moise. It has nothing about it suggestive of business and, therefore, did not fall within the definition of an account or claim with the view to the least business transaction. We have not found that the district judge erred in allowing this claim after the deduction made by him· Being a personal obligation it was not barred by the prescription of three years pleaded.

The Merchants and Traders Insurance Co., in its answer to the appeal, asks that the judgment of the District Court be so amended as to allow it judgment for the sum of six hundred and thirty-three and 81-100 dollars. The account of the administratrix mentions this company as a privileged creditor in the sum of seventy-seven dollars ($77.00) and as an ordinary creditor in the sum of five hundred and sixty-eight dollars ($568.00.) In the account the seventy-seven dollars ($77.00) is deducted from the ordinary debt, leaving four hundred and ninety-one and 56-100 dollars ($491.56.) This opponent wishes to be recognized as a privileged creditor for seventy-seven dollars ($77.00) and as an ordinary creditor for five hundred and fifty-six. and 81-100 dollars, and to that end presented an amended petition claiming an increase to the sum of six hundred and thirty-three and 81-100 dollars ($633.81.)

In the original opposition, no objection was urged against the amount carried on the account in its favor. It rested content with its opposition to some of the items carried to the credit of other creditors. The account, before the amended petition was filed, was homologated so far as not opposed. On the trial, evidence of this opponent was ruled out because offered too late, and the account had been homologated so far as not opposed. .

It is urged that even as to the original claim carried on the account this company is not entitled to recover its claim because it is for an amount over five hundred dollars ($500.00) and is not sustained by more than one witness. We think there are corroborating circumstances amply sufficient to establish this claim. The claim is sustained by the oath of the administratrix advising the court of this indebtedness in common with the others whose claims were credited. A part of the item for rent, secured by a privilege, was not disputed, and as to the remainder, the proof shows, as we think, that it was due.

With reference to the homologation of the account so far as not opposed, we can only say that it has become the practice to homologate an account so far as not opposed. Succession of Commagere, 38 Ann. 833. And afterward effect is given to this homologation to the extent of closing the issues growing out of other amounts the opponents claim. While the opposition may be amended to make it more definite, new issues cannot be raised by asking to be recognized for other or larger claims. To illustrate by reference to details: The claim of the opponent was carried on the account. In due time after the account had been filed, opponent filed an opposition to the claims of other creditors and did not object to the amount as carried on that account. After the account had been homologated this opponent then sought, by another opposition to increase its ordinary claim to $633.81 (less $77.00 secured by privilege.) Under rulings of this court, we do not see our way clear to hold that such increase can be allowed. To the maxim *ut finis litium* effect has heretofore been given. We have not found good ground to arrive at a conclusion different from that expressed in repeated decisions.

The next disputed item is an amount of five hundred and seventy-four dollars ($574), claimed by Rev. Father Massardier for arrears of annuity due in accordance with the terms of a transfer of property by him to the late E. E. Moise. This amount was carried on the account. It was rejected and stricken out by the district judge. In our view this claim is due as made sufficiently evident by the testimony. Mr. Pfister, who was agent of Rev. Father Massardier, testified that he had not collected the amount. He had exclusive charge, and his uncontradicted testimony sustains the claim. An authentic act in evidence shows that Rev. Father Massardier was entitled to an annuity, and the testimony shows

that he had not been paid during the length of time for which claim is made. It was carried originally on the account as an ordinary claim, and as such it is reinstated and to that extent viz.: five hundred and seventy-four dollars ($574.00), the judgment appealed from is amended.

The next contention grows out of the opposition of H. B. McMurray, receiver of the A. Chevalier Pavement Company, Limited. The district judge rendered judgment in favor of this firm in the sum of one thousand one hundred and thirty-three and 60-100 dollars ($1133.60) against the succession.

The account kept by the late E. E. Moise shows collections of one thousand nine hundred and forty-two 66-100 dollars, against which the administratrix claims credit for disbursements and charges in the sum of one thousand one hundred and thirty-five 59-100 dollars. Of this amount claimed by the administratrix as a credit, the district judge did not allow the sum of $250.00 which Mr. Moise had credited to himself on account of attorney's fee. He also declined to allow him credit for costs paid for an appeal to this court and for printing the brief in which the receiver Jahncke was cast and dismissed from his trust. The district judge rightly ordered the amount paid over to the present receiver, contradictorily with whom the amount of credit may be adjusted.

The administratrix, through counsel, urges that if the books are introduced in evidence against the one who has written them, they must be taken together and cannot be rejected, when they contain evidence against the one calling for them. C. C. 2248. This, it is true, is the textual provision of one of the articles of the Code. In another article, just following, it provides that the books are proof against him. The debits and credits may be considered, we think, in determining whether balances are correct. The credits claimed by the accountant as carried on his books would not be conclusive proof. They should receive some corroboration.

We do not think the judgment should, as relates to this claim, be amended. The amount was collected by the predecessor of the present receiver. It is evidently due to the estate (subject to whatever charges may be sustained hereafter) and can be recovered by the opponent.

The administratrix complains of the judgment in allowing $48.46 to W. G. Taylor as an ordinary claim for costs in the suit of Taylor vs. Moise.

The creditor filed an opposition to the account and asked for the

recognition of his claim with privilege, it being for costs of court due by the late E. E. Moise. This was granted by the district judge to the extent of recognizing the claim as ordinary. The administratrix here urges that the succession is a creditor of this claimant in a larger amount than his claim and that it should be held that *pro tanto* and that one claim compensates the other. There is no pleading setting forth this demand. Besides, the right of the administratrix is not prejudiced by the court's recognition of that claim. Compensation can be insisted upon under the circumstances of this case, after as well as before judgment. With reference to the privilege, this appellee has not appealed, and has not on appeal asked for an amendment of the judgment.

This brings us to the end of the issues involved in this litigation. It only remains for us to enter up a decree affirming the judgment of the District Court, after having amended it to the extent of allowing the claim of Rev. Father Massardier as an ordinary one and directing that it be reinstated on the account of administration as carried on that account originally, also by reinstating the account of notary's fee, $6.42, as a privileged claim, and allowing B. R. Forman, attorney, one hundred and fifty dollars as a privileged claim, instead of the one hundred dollars heretofore allowed.

For reasons assigned, the judgment as amended is affirmed. Costs of appeal to be paid by the appellees.

### ON APPLICATION FOR REHEARING.

BREAUX, J. The article of the Code of Practice leaves but little, if any, discretion to the court regarding the costs of appeal when the judgment is amended. Usually the least amendment of the judgment carries costs. For that reason in preparing our original decree we assessed the costs of appeal to the appellee.

On rehearing our attention having been called to the different interests involved in matter of the account and opposition and in view further of the fact that some appellants would be relieved from payment of costs of appeal who had obtained no relief, our decree heretofore handed down is amended by condemning the succession of E. E. Moise to pay all costs of appeal instead of appellees, as heretofore decreed.

With this amendment the application for a rehearing is rejected, and the amendment is made without granting a rehearing, as the parties have been heard and further argument is not deemed necessary.