No. 14,029.

L. J. MESTIER & CO. VS. A. CHEVALIER PAVEMENT CO., LTD.

SYLLABUS.

ON MOTION TO DISMISS APPEAL.

1. The appeal of particular appellant will not be dismissed *in limine* on the ground that he has no interest to appeal, when the whole case is before the court on appeals of others, and an examination of the entire record would be requisite to ascertain the relations of parties.

2. Where appellant furnishes an appeal bond for the amount fixed by the court, the appeal will be maintained as devolutive, even if the bond be too small for a suspensive appeal.

ON THE MERITS.

1. The amicable compounder not having been sworn and some of the facts not having been placed before him in the arbitration, his return was properly annulled.

2. An amount paid by one of the parties, which is charged on joint account and afterward credited on the personal account is a proper showing of indebtedness and credit.

3. The weight of testimony sustains an item for cement used for joint account.

4. Credit is entered corresponding with *remittitur* made by plaintiff.

5. A corporation may not have power to bind itself as a partner, but may bind itself to share in the profits of contracts it is authorized to perform, with anyone from whom it receives adequate consideration.

6. Plaintiff, under the agreements, had an interest in the sums earned.

7. Where, in an article of agreement to submit to an amicable compounder, parties make admissions in matters not to be submitted to him, there is no reason, in case it becomes evident that it was not at all a matter in which there was any difference between them not to give it consideration, and further, where it was made manifest by the testimony that it was correctly charged, the finding of the District Court decreeing that it was correctly charged will not be disturbed.

8. An amount earned in a joint venture under a contract with the United States government was properly charged.

9. The demand of the intervenor on appeal to set aside agreements between plaintiff and defendant in order that she may recover her claim is rejected and the judgment in this respect remains undisturbed.

10.   There was a judicial sequestration and a sequestrator appointed contradictorily. The use of the word receiver was a misnomer. He was appointed to collect bills and to prevent loss. The sequestration was maintained and the judicial sequestrator ordered to deliver the property, after deducting his costs and reasonable charges. There is nothing in this suggesting irregularity, or a receiver's overcharge.

A PPEAL from the Civil District Court, Parish of Orleans—
  *St. Paul, J.*

*Benjamin Rice Forman,* for Plaintiffs, Appellees.

*Dinkelspiel & Hart,* for A. Chevalier Pavement Company, Limited, Defendant, and H. B. McMurray, Receiver, Appellants.

*Henry Chiapella,* for Mrs. Marie Louise Delcalzal, Intervenors, Appellant.

The opinion of the court, on the motion to dismiss the appeal, was delivered by NICHOLLS, C. J.

The opinion of the court, on the merits, was delivered by BREAUX, J.

### ON MOTION TO DISMISS.

NICHOLLS, C. J.   The plaintiffs move to dismiss the appeal of H. B. McMurray, receiver, on the grounds:

1st—That he has no interest in the controversy between plaintiff and defendant and was only appointed for the purpose of collecting the paving certificates pledged by defendant to plaintiffs.

2nd—The district judge had no power to grant to H. B. McMurray a suspensive appeal from a money judgment exceeding two thousand dollars on a bond of two hundred and fifty dollars, and the order for a suspensive appeal should be rescinded, and is not sufficient to give this court jurisdiction of the appeal.

The application for the dismissal of this appeal is supported by no brief in behalf of the same.

Counsel can scarcely expect this court to seek and ascertain for itself the facts on which such a motion is based.

We are told that the receiver has no interest to appeal, but the lower

court, which was fully advised of the situation, granted him one. And we are informed by appellants' brief that the appellee made an unsuccessful attempt in the lower court to have the order for the same rescinded on the ground of want of interest.

In order to ascertain what interest the receiver has in the matters involved and what issues he has raised or proposes to raise on appeal, we would have to examine a very large transcript, without any aid or assistance from counsel. The whole case is before us on appeal of other parties and from the information to be obtained by us later we will be able to deal advisedly with the rights of all parties. If the receiver has no interest in the controversy, we can so declare at that time. (Succession of Fortier, 51 Ann. 1567, 1568.)

The receiver, as appellant, furnished a bond of appeal for two hundred and fifty dollars, the amount of bond ordered by the court. The appeal cannot be dismissed on the ground that the amount is too small. The appeal is good at least as a devolutive appeal.

For the reasons assigned, the application is denied.

## ON THE MERITS.

BREAUX, J. Plaintiff claims from defendant part of the proceeds of a joint venture. Plaintiff advanced funds to the defendant to enable it to execute contracts awarded to it to pave streets.

Plaintiff and defendant agreed to submit their differences to an amicable compounder. After he had made return of his action into court and the judge had homologated it and subsequently entered judgment in favor of plaintiff for the balance found due by defendant, on application of the defendant for a new trial, the court annulled the finding of the amicable compounder and again rendered judgment in favor of plaintiff after having deducted items not passed upon by the amicable compounder, as they had not been brought before him for arbitration. This is the judgment before us on appeal.

Mrs. Delcazel, a judgment creditor of the defendant, intervened in this suit and asked for judgment recognizing her claims, and further that the claim made by the plaintiff against the defendant be rejected to the extent of her interest and her judgment paid.

In the course of the litigation, H. B. McMurray, sheriff, was appointed receiver.

The District Court rendered judgment in favor of the plaintiff against the defendant in the sum of four thousand nine hundred and thirty-eight and 49-100 dollars ($4938.49), with legal interest from December 22nd, 1897, subject to a credit of one thousand and ninety-eight and 77-100 dollars ($1098.77.)

The court maintained the judicial sequestration which had been issued and under which paving certificates issued by the City Engineer of New Orleans had been sequestered and recognized a lien in favor of plaintiff and ordered that it be paid by preference from the proceeds of these certificates. To that end, Mr. McMurray, civil sheriff, and receiver, after having deducted his costs and reasonable charges was ordered to pay to plaintiff in liquidation the funds in his hands arising from the collection of these paving certificates and to hand over to the plaintiff the paving certificates remaining in his possession which had not yet been collected.

The right was decreed to plaintiff to recover from the succession of Moise an amount to which we will refer hereafter.

With reference to the intervenor, the court maintained the intervention and third opposition of Mrs. Marie Louise Delcazal to the extent of recognizing her as a judgment creditor of the defendant for the amount claimed to be paid from the paving certificates after satisfaction of plaintiff's claim and the right was reserved to her to compel plaintiff to account to her.

We have found no difficulty in arriving at the conclusion that the report of the amicable compounder is not authoritative and to be taken as the basis of a judgment. It was annulled for good cause. The amicable compounder had not taken the requisite oath and all needful facts were not furnished him to enable him to make a complete return. The finding of the amicable compounder was annulled by the District Court and no sufficient complaint is made in the pleadings to bring up the lower court's ruling for review on appeal as relates to this finding. We take it that plaintiff, in whose favor it was rendered, does not seriously complain of the decree setting it aside. The compounder evidently has business training and while, for good reason, his report was annulled, for cause not in his control, yet it may be consulted to the extent that it may assist in arriving at a conclusion.

Defendant complains of the court's ruling under which evidence, over their objection, was admitted to support claims which was inadmissible under the pleadings because (it urges) it was evidence of one of the defendant's personal indebtedness and not of corporation indebtedness of defendant. We have not found that this evidence was inadmissible. There must be an end to all things, even to law suits, and a ruling to that end admitting testimony unless manifestly erroneous affords no good ground to set aside a decision in so far as it appears to have done justice between the parties, and it is manifest that no one has been taken by surprise.

Taking up the contested items of the account, we come first to the contested item of one hundred and twenty dollars ($120.00), properly credited, as we think. We have not found that, as charged, in the acts of plaintiff and approved by the judgment, defendant was made to lose it.

Taking up the different credits to which the defendant is entitled, the next item in dispute is an amount for cement. The court a qua was not impressed by defendant's denial of indebtedness. We have not found that the testimony would warrant us in striking out this item.

This brings us to an item of one hundred and forty-one and 24-100 dollars ($141.24), with interest, being balance on account current between A. Chevalier, individually, and the plaintiff. It is of a date anterior to the date the corporation was formed and was in no way due by the defendant company.

Plaintiff, a few days after the judgment had been signed in the lower court, to quote from the motion, "to avoid all possible question should an appeal be taken," remitted from the amount of the judgment "the balance of statement A, viz, one hundred and forty-one and 24-100 dollars ($141.24)." It follows that the interest on this account heretofore allowed, of which defendant complains, was also remitted.

Leaving this item, we find that defendant complains because the District Court recognized a pledge of the paving certificates issued to the defendant under a city ordinance.

Defendant's charges, as relates to plaintiff's claim to a pledge, that it (plaintiff) expressly repudiated the written contract which gave them the pledge and quote the following from plaintiff's petition regarding the contract of pledge, "that said document was not the contract" between the parties.

The plaintiff sought to repudiate the contract in part, but it alleges, regarding it, that its "object" and "end" were to enable plaintiff to let it be known to the abutters of property on streets on which the paving was done that the parties had an interest and were authorized to collect from the different abutters the amounts due to the defendant. The concluding part of the contract, not repudiated, as we take it, reads, "L. J. Mestier & Co. to collect all of said bills to the exclusion of all other persons until they are fully reimbursed and to receipt therefor."

This was a joint venture between the plaintiff and the defendant under the terms of which, in order to secure plaintiff for its advances, plaintiff acquired an interest in the sums earned. This was the condition of which it appears all concerned had notice. In the pleadings, in our view, the correctness was not challenged. On the contrary, it was given some recognition.

The certificates, with the exception of a few which had not yet been issued, found their way in accordance with agreement in the hands of plaintiff by whom they were held in pledge until they, in compliance with the court's order, were delivered to the sheriff or receiver.

We take up the next item in the order in which the issues are presented, it being the Plaswirth claim. Plaintiff, in matter of this claim, points to an asserted agreement between them whereby it was understood that plaintiff was to assume it as part of the disbursement. This was written in the articles of agreement between them submitting their differences to an amicable compounder to be settled.

The article in question of the agreement to submit, does not suggest any difference regarding this claim. It was, to quote from the agreement, "assumed by said firm as part of their disbursements." The firm referred to was Mestier & Co. The claim of Plaswirth was for bricks furnished to plaintiff and defendant, and for which the former paid and which was, as we think, properly charged in the settlement, as it is supported, in addition to the written agreement in question by the oral testimony of witnesses.

Another difference grew out of the Jackson Barracks contract, with the United States Government for paving. We think that justice was done between the parties in decreeing that plaintiff was entitled to half of the profits and the defendant to the other. This was the agreement, as sworn to by one of the plaintiffs. Although it was denied by

one of the defendants, the fact remains that plaintiff made the advances and assisted in executing the contract. *Res ipsa loquitur* is an applying maxim. The amount allowed was correct, and, we, therefore, must decline to increase it on grounds urged by plaintiff. The court allowed one thousand, one hundred and sixty-two and 15-100 dollars ($1162.15.) This, we think, includes the whole claim.

Plaintiff has claimed from the first that there was a partnership between itself and defendant *quoad* the venture, and that for that reason it had an interest in the profits. True, this corporation could not be a member of a partnership. It had no such power, yet it could bind itself to the extent of dividing profits as a consideration for advances made, as we understand was done in this case.

The collection fixed at one thousand and ninety-eight and 77-100 dollars ($1098.77), an amount of which no account had been taken until lately for the reason that it was not known by defendant that it had been collected for its account, must be increased to the sum of one thousand one hundred and thirty-three and 1-100 dollars ($1133.01) in order to correspond with the amount heretofore found due. Succession of Moise, 107 La. 717.

We feel warranted, in view of the argument at bar and in the brief, in decreeing that the judgment be amended as just stated.

A credit of fifty-two dollars ($52.00) is also claimed by defendant for paving done in front of the property of the plaintiff. This is sustained by the testimony of one of the defendants. We have not found a denial of the correctness of this item.

The intervenor's claim requires our attention. We have not found it possible to extend the court's recognition to any greater length than extended in the judgment of the court *a qua*. To allow her claim would be to deny any effect to the agreement entered into between plaintiff and defendant whereby the former was to be secured for advances made.

The sheriff was authorized by the court to collect the bills which were placed in his hands and he was given the title of receiver. We have not found error in this and in the judgment as relates to this judicial sequestrator or receiver.

In appellee's answer to the appeal, it asks that the judgment be amended. We have considered the grounds and have arrived at the

conclusion that the amount of the judgment, except in minor particulars, should remain unchanged.

It is therefore ordered, adjudged, and decreed, that the judgment appealed from be amended by decreasing the amount of the judgment from four thousand nine hundred and thirty-eight and 49-100 dollars, with legal interest ($4938.49) to four thousand eight hundred and eighty-six and 49-100 dollars ($4886.49), with legal interest from December 22, 1897, subject to a credit of eleven hundred and thirty-three and 61-100 dollars, and to a further credit of one hundred and forty-one and 24-100 dollars ($141.24) and whatever interest has been heretofore added thereto in the judgment of the District Court.

As amended the judgment is affirmed at appellee's costs.

Rehearing refused.