OVERTON, Justice.
 

 In September, 1932, the Texas Oreosoting Company filed suit against the Midland Construction Company, the Union Indemnity Company, and the Louisiana highway commission, alleging, among other things, that it furnished material and supplies for the construction of project 171-E of the highway commission, amounting to $31,600, on which there has been paid $13,231.77. The company prayed, inter alia, that a concursus be provoked, and that the highway commission be required to deposit in court all of the money due it to the Midland Construction Company on account of project No. 171-E for proper distribution among those having just claims against the fund.
 

 The highway commission, after the overruling of an exception, filed an answer to the foregoing proceeding, in which it admitted that some amount was due iby it to the Midland Construction Company for the construction of project 171-E, but the commission made no deposit. The averment containing the admission reads as follows:
 

 “Further answering, respondent .admits that there is an unpaid balance due the Midland Construction Company by the Louisiana Highway Commission for and in connection with the construction of said project 171-E, the exact amount of which will be established upon the trial of this cause.”
 

 The highway commission failing to deposit anything in court, plaintiff ruled it to show cause why it should not disclose the amount due by it to the contractor and deposit the fund in court for distribution among those entitled to it.
 

 The highway commission filed an answer to the rule to the effect that the law did not sanction the form of the proceeding adopted by plaintiff in rule. This answer, we take it, has reference to the demand that the highway commission deposit in court such money as is due, under the contract, to the Midland Construction Company.
 

 There ivas judgment ordering the highway commission to deposit in the registry of the court such funds as may be in its hands and due by it to the Midland Construction Company on account of project No. 171-E, to the end that the fund may be distributed by the
 
 *21
 
 court to the claimants who may establish their claims.
 

 From this judgment the highway commission has appealed suspensively without bond. Plaintiff has moved to dismiss the appeal on the following grounds: (1) Because the highway commission has not furnished an appeal bond, and is not exempt from giving one, since it was not created at the time certain boards were exempted from furnishing bonds by Act No.
 
 173 of
 
 1902, which is the statute governing the matter; (2) because the highway commission is not entitled to an appeal from the judgment, since it has admitted and confessed that there is a ¡balance due by it to the Midland Construction Company for the construction of project 171-E. This admission, it is alleged, is equivalent to a confession, and it is also alleged that no appeal lies from a judgment by confession; (3) because the order is not a definitive or final judgment;
 
 (4)
 
 because the appeal was granted from an interlocutory judgment or order, pronounced on a preliminary matter in the course of the proceedings; and (5) because the motion for the appeal does not set forth that the judgment or order to make the deposit will cause the highway commission irreparable injury.
 

 The highway commission is relieved of giving appeal bonds by Act No. 173 of 1902. The contention that this act does not apply to boards or commissions, not in existence at the time of its passage, is not supported by law. The act, after naming certain boards and commissions (state, parochial, and municipal), then in existence, which are accorded exemption by the act, reads, “And other State, parish and municipal Boards and Commissions exercising public power or administering public functions shall not be required to furnish any bond whether of appeal or otherwise in any judicial proceedings instituted either by or against said Boards or Commissions.”
 

 The Louisiana highway, commission is a commission exercising public power and administration. Although the commission was not in existence when the act was adopted, yet, as the language of the act indicates, the act applies as well to boards and commissions, which might be created in the future, as it does to those in existence at the time of its adoption.
 

 As to the second ground for dismissal, although one cannot appeal from a judgment confessed by him (Code Prac. art. 567), nevertheless the appeal in this case is- not one from a judgment confessed, and does not purport to be from such a judgment. The admission that a balance is due, the amount of which will be shown on the trial of the case, is not the basis for a confession of judgment, for, aside from everything else, there is no admission that any specific amount is owing. For this reason, the ease of Sample v. Wheless, 159 La. 844, 106 So. 325, relied upon 'by mover to dismiss, is not pertinent here.
 

 We find it unnecessary to decide whether or not the judgment, brought here by appeal, is a final judgment or an interlocutory one. We may assume, without so deciding, that the judgment is an interlocutory one, which is the more favorable assumption for mover, since all final judgments, assuming that the amount in contest, or the nature of the demand, comes within the appellate jurisdiction of some court, are appealable, nev
 
 *23
 
 ertheless the judgment here, even if it he interlocutory, ' is appealable, if it be such as may work irreparable injury to the one against whom it is rendered. In this instance the judgment may work such injury. It is true, as urged by mover, that an injury is not irreparable when it may be repaired by the payment of money. Orescent Oity LiveStock Landing
 
 &
 
 Slaughter-House Company v. Police Jury, 32 La. Ann. 1192. Here, however, the repayment of the amount, or a part thereof, ordered to be deposited in the registry of the court, may not repair the damage. If a creditor of the contractor, who has caused a coneursus to be provoked, has the asserted fight, which was the question at issue below, to compel the commission to deposit in court such amount as may be due it to the contractor, under the contract, at the commencement of the sujt, there to await the determination of the litigation, the exercise of the asserted right may so tend to hamper the commission, and, if exercised generally, may so hamper it as to interfere greatly with the purposes of its creation. Such injury the payment of money will not repair. If the asserted right does not exist, the exercise of it is an invasion of the essential rights of the commission, and necessarily of government, not compensable in money.
 

 It matters not that the commission did not allege in its motion for an appeal the irreparable nature of the injury it might suiter from the judgment. That the judgment may work irreparable injury sufficiently appears from its nature. Even were the question, as to the right of appeal, doubtful, and even though the injury possibly might not be apparent on the face of the record, nevertheless we should allow the appeal rather than deny it, for an appeal is a remedy that is favored in law. Thus, in the Succession of Bothick, 52 La. Ann. 1863, 1865, 28 So. 458, 459, it was said:
 

 “That said order or decree may cause appellants irreparable injury is possibly not apparent on the face of the record, but, as an appeal is a remedy that is favored in law, we prefer, in a case of doubt, rather to sustain than deny the right.”
 

 The motion to dismiss is denied.