OPINION. Hill, Judge: The respondent urges that there was never any partnership for Federal tax purposes between petitioner and Selber and that consequently $13,500 of the $15,000 which petitioner-received in accordance with the compromise agreement between petitioner and Selber of September 6, 1943, is taxable as ordinary income. The $1,500, which petitioner deposited with Selber at the beginning of his employment, was held by the respondent to be tax-free as a return of capital. His position is based upon the contract of employment, which is set forth in our findings, and the testimony of Louis Selber, president of Selber Bros. Inc., which was to the effect that petitioner was always an employee of Selber and never a partner. Petitioner, however, claims that by the recognized tests for determining whether a partnership exists for Federal tax purposes, petitioner and Selber did enter into a partnership when they signed the contract of employment on December 31,1939. He states on brief as follows: Petitioners respectfully submit that, by every test, stated, Rosenberg and Selbers entered into a valid and binding partnership.' Thus there was 1. A joining together of money, goods, labor and skill for the purpose of carrying oí. a business. An investment of capital by the partner. 2. Substantial contribution to the control and management. * * * Mutual management and control by the partners * * *. 3. Personal liability by each, Rosenberg and Selbers, for losses suffered by the business. Mutual sharing of all prolits * * *. A community of interest in the profits and losses. * * * 4. Dissolution upon any change of partners * * * Petitioner cites in support of his statement, Commissioner v. Tower, 320 U. S. 280, and Montgomery, Federal Taxes-Corporations and Partnerships 1948-1949. The test for determining the validity of partnerships was stated in Commissioner v. Culbertson, 337 U. S. 733. The question is: * * * whether, considering all the facts — the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent — the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * * Using this test we bave found as a fact that petitioner did not really and truly intend to form a partnership with Selber. In the first place, the contract under which the shoe business was conducted is not designated a partnership agreement; it is termed a contract of employment, providing for petitioner’s employment as manager of the retail shoe department of Selber. When petitioner signed that agreement he knew it was a contract of employment rather than a partnership agreement. He objected to its terms, discussed it with Selber’s attorney, but nevertheless signed it. By its terms petitioner was not to share personal responsibility for the debts of the business, his participation in any losses being for the purpose only of adjusting the bonus account. Moreover, petitioner’s responsibilities and duties under the contract were definitely limited to only those which were assigned to him by Selber. Under the terms of the agreement all the duties and authority of petitioner were subject to change at the pleasure of Selber. That petitioner had no proprietary interest in the business is demonstrated by paragraph III of the agreement which provides that: * * * All moneys credited to Bonus Account shall be available to First Party [Selber] for use in its business without restriction, and according to its own judgment. [Sic]. In addition, paragraph IX of the agreement states that petitioner should * * * have no right to assign, transfer, pledge or otherwise affect any * * * of the monies credited to Bonus Account or to become due to him by reason of the terms hereof. It is thus apparent that the 50 per cent share in the net profits accrued to petitioner as compensation for services and not through a vested and continued interest in a joint venture or partnership. The testimony of Louis Selber was that the provisions of the agreement were carried out, that petitioner was always considered an employee of Selber and never a partner, and that the shoe department was merely a department in the general clothing business of Selber Bros. Inc. He testified as follows with respect to the intention of Selber in connection with the agreement involved: Q. What was your intention in malting this contract? A. An employment agreement. Q. What was the purpose of this employment? A. To what extent do you mean, just what- Q. Did you seek to employ his services as manager? A. As manager of the department •, yes. Q And the terms of that employment are set forth in this contract, is that correct? A. That is right. Q. Were the provisions of this contract carried out? A. They were. Louis Selber also stated that the books of the shoe business were kept by the accountant employed by Selber which is convincing evidence that the shoe business was merely a department Of Selber’s ready-to-wear business. We think it significant, too, that when Selber Bros. Inc. dissolved in July 1943 and a partnership method of doing business was adopted by the Selber brothers, petitioner was not, so far as the record shows, a participant in any of the decisions leading to such change. Certainly if his status was that of a partner in 1943 he should have been consulted about that change and also included in the agreement as a partner of Selber Brothers. The above factors, together with the consideration that according to the prevailing law, a corporation has no implied power to become a partner with an individual or another corporation (see 13 American Jurisprudence, section 823), L. J. Mestier & Co. v. A. Chevalier Paving Co. Ltd., 108 La. 562, 32 So. 520;[1] Tatum et al. v. Acadian Production Corp. of Louisiana, 35 Fed. Supp. 40,[2] leads us to the conclusion that no partnership between petitioner and Selber existed during the period in question. We therefore hold that $13,500 of the $15,000 which petitioner received on the termination of his employment with Selber is taxable as ordinary income and we hold further, as respondent has conceded, in view of our holding on the partnership issue, that he erred in including in petitioner’s net income for 1943 the amount of $2,150, which is properly includible in his income for 1942. In view of our conclusion it is not necessary to discuss issue (2), for the basis of petitioner’s contention that capital gain treatment under section 117 should be accorded to the $15,000 which he received from the compromise settlement is based upon the premise that he was a partner of Selber in 1943. Decisions will be entered under Rule 50. The Court stated in part as follows : * * * True, this corporation could not be a member of a partnership. It had no such power, yet it could bind itself to the extent of dividing profits as a consideration for advances made, as we understand was done in this ease. The Court stated in part as follows : * * * a corporation has no implied power to form a partnership with an individual; nevertheless, if the formation of such partnership is actually attempted and the partnership contract is fully executed, the individual can not set up the legal invalidity of such contract. • * •