ELLIS, Judge.
This is a hypothecary action via or-dinaria, in which plaintiff obtained a judgment by default against defendant dated *162 April 20, 1966, for $263,615.70, with interest and attorney’s fees, recognizing plaintiff’s mortgage and ordering the sale of the mortgaged property without appraisement.
Subsequent to judgment, Charles Bailey, d/b/a Bailey’s Ceramic Tile Company, intervened in the suit, asserting that his right under a certain lien filed by him against the mortgaged property primed plaintiff’s right under its mortgage. A hearing was had on the intervention on June 2, 1966, and intervenor’s lien was found to be subordinate to plaintiff’s mortgage. Judgment recalling the rule and denying an injunction to stop the sale of the property was signed on June 6, 1966. From this judgment, in-tervenor has taken a devolutive appeal.
On June 20, 1966, Air Control Products, Inc., and Pay, Incorporated, each petitioned for and was granted a devolutive appeal from the judgment of April 20, 1966.
Each party states that it is neither plaintiff nor defendant in the case, but that it has an interest in the outcome of the case, Air Control as the holder of a valid ma-terialman’s lien against the property, and Pay as the purchaser, on May 26, 1966, of defendant’s interest in the mortgaged property.
A motion to dismiss both appeals was filed by plaintiff in this court, and this motion is also before us for consideration
In addition, Pay, Incorporated has filed in this court peremptory exceptions of no right and no cause of action, directed at the original petition filed herein.
We will first consider the motion to dismiss the appeals of Air Control Products, Inc., and Pay, Incorporated.
Appellants concede that their appeals are based on the provisions of LSA-C.C.P. Article 2086, which declares in essence that any party who could have intervened in an action may appeal from a judgment rendered therein.
Under our presently effective procedural rules all such rights as could formerly have been asserted by intervention or third opposition must now be presented by intervention. LSA-C.C.P. Articles 1091, 1092 and 1094.
Article 1091, supra, states in substance that a third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending litigation against one or more of the parties thereto. It further stipulates that the intervenor may join with plaintiff in demanding the same or similar relief against the defendant, unite with defendant in resisting plaintiff’s claims or oppose the interests of both plaintiff and defendant.
Article 1092 preserves the right of a third party claiming an interest in property under seizure to assert his claim therein by intervention. If ownership of the property is claimed the intervenor may enter the action any time prior to judicial sale thereof and may, in the discretion of the court, obtain an injunction prohibiting the sale. If in-tervenor asserts a mortgage or privilege on the seized property, he may intervene prior to disposition by the sheriff of the proceeds of the sale.
Article 1094, supra, makes it clear that the intervenor takes the action as he finds it. It expressly provides an intervenor may not object to the form of the action nor may he raise any defects or informalities personal to the original parties.
In opposition to the appeals by both appellants herein, appellee Pringle concedes the prematurity of the action against Eanes. Appellee contends, however, such circumstance is a matter of no moment considering it constitutes ground only for the dilatory exception of prematurity which must be pleaded prior to answer or judgment by default upon authority of LSA-C.C.P. Article 926. On this basis, appellee argues that failure of the debtor Eanes to plead maturity in the action on the mortgage note cannot be availed of by appellants because (1) the time has elapsed in which such defense may be made, and (2) it is an objec *163 tion personal to the debtor and cannot be advanced by an intervenor.
With respect to the appeal by Pay, ap-pellee points out that said appellant was not in existence on the date of rendition of the judgment against Eanes. The record shows Pay was incorporated May 26, 1966, twenty-six days subsequent to the judgment of April 20, 1966, and on the day of its ■charter bought the property from Eanes. Appellee argues, therefore, since Pay did not exist when the judgment was rendered, it could not have intervened in that suit and therefore has no right of appeal.
Appellants, however, cite and rely upon numerous cases in our jurisprudence which establish the general rule that appeals are favored in law. Among these are Texas Creosoting Co. v. Midland Construction Co., 177 La. 18, 147 So. 366; and Foret v. Stark, La.App., 16 So.2d 79.
Succession of Fortier, 51 La.Ann. 1562, 26 So. 554, is depended upon by appellants as authority for the proposition that an appeal by a person legally entitled thereto is not a collateral attack on the judgment appealed and the best time to determine whether such a party has the right of appeal is after hearing the cause on its merits.
It is well settled that a third opponent (intervenor) can raise only issues in which he has an interest. He cannot assert a claim, interest or defense with respect to an issue which does not concern him. Thus, in Henderson v. Hollingsworth, 158 La. 921, 105 So. 14, it was held that a third opponent could not assert the alleged nullity of a judgment against his debtor on the ground the judgment was not rendered in open court.
Another prerequisite to the right of intervention is that the intervenor must have an independent and separate right of action. State ex rel. Zelden v. Home Realty Inv. Co., 214 La. 45, 36 So.2d 633.
Also applicable to the case at bar is the principle that an intervenor takes the case as he finds it. He cannot urge matters which go to the dismissal of an action. Neither can he substitute himself for the defendant and urge defenses personal to the defendant without defendant’s consent. Galloway v. Levitt, La.App., 135 So.2d 798. We note in the Galloway case, supra, the following which we cite with approval:
“ ‘The intervenor is limited to the assertion of his own rights, to show that the property attached is his; that he has a superior privilege on it, or, as alleged in this case, the plaintiffs and defendants perpetrated a fraud * * *. He has nothing to do with the irregularity of the affidavit, the insufficiency of the attachment bond, and other irregularities in the proceedings.’ ”
We have carefully considered the numerous authorities cited by counsel for appellants and find none decisive of the case at bar. For example, Succession of Fortier, 51 La.Ann. 1562, 26 So. 554, involved an appeal by the state from a judgment recognizing a party as the heir of a decedent when the state contended the succession was vacant and its assets reverted to the state. In that instance, the state was appealing a decision adverse to its own interest and as stated in the decision, was entitled to have its claim adjudicated on its merits.
Ruiz v. Pons, 141 La. 110, 74 So. 713, was a case in which an administrator pro tem. appealed from judgment dismissing a suit for interdiction and maintaining in part the opposition of the testamentary executor to the administrator’s account. In appealing, the administrator was asserting his own rights, not those of a third person.
L. J. Mestier & Co. v. A. Chevalier Paving Co., 108 La. 562, 32 So. 520, held that the appeal of a receiver would not be dismissed on the ground he was allegedly without interest. The decision makes it abundantly clear that because the matter was fully tried on its merits and mover failed to support its motion for dismissal by brief, the Court could not determine from the motion the facts on which it was based *164 and therefore elected to dispose of the motion on the basis of the entire record.
Texas Creosoting Co. v. Midland Const. Co., 177 La. 18, 147 So. 366, involved an appeal by a party defendant, Louisiana Highway Commission, from a judgment ordering appellant to deposit in the registry of the court certain funds owed by the Highway Department to defendant Midland Construction Company on a certain road construction project in order that said funds be distributed to Midland’s creditors. The appellate court held appellant was not without interest in the subject matter of the appeal.
In Foret v. Stark, La.App., 16 So.2d 79, plaintiff appealed 'a judgment dismissing his action to compel the sheriff of La-fourche to return plaintiff’s cow seized under a warrant authorizing the search of plaintiff’s premises for a stolen animal. A motion to dismiss the appeal was founded on the contention that the value of the cow was $40.00, which said sum was less than the minimum jurisdictional amount of the appellate court. Doubt as to the value of the animal resulted from a discrepancy between affidavits submitted concerning the cow’s value. The appellate court resolved the doubt in favor of appellant and refused to dismiss the appeal.
State ex rel. Zelden v. Home Realty Co., 214 La. 45, 36 So.2d 633, was a suit in which plaintiff sought to be decreed owner of certain shares of stock in defendant corporation. The trial court refused an attempted concursus proceeding incident to the suit in which a Mrs. Janney was sought to be impleaded as a rival claimant of the stock in question. From the judgment of the trial court in favor of Zelden, Mrs. Janney appealed and Zelden moved to dismiss her appeal. The court found that while Mrs. Janney was a third party to the initial litigation, nevertheless her appeal presented a right personal to her and since her attempted intervention was denied by the trial court she had the right to appeal.
We note that in every case relied on by appellants, irrespective of whether the appellant was an intervenor or party to the original suit, it was found that each said appellant sought on appeal to exercise a right or interest of his own. Such is not the case in the matter before us. Both appellants herein are seeking to assert a right purely personal to the original defendant, Eanes. We point out, however, the test applicable in matters of this character is not whether appellant was a party to the original suit, but whether, as intervenor, appellant could have asserted a separate and independent right in the trial court.
 The judgment herein appealed is solely a money judgment in favor of plaintiff and against defendant Eanes predicated upon a mortgage note executed by the latter and held by the former. The judgment in no way purports to adjudicate the rank of the lien allegedly held by Air Control. Unquestionably, assertion of a material-man’s lien gives Air Control the absolute right to intervene and urge the rank of its reputed claim against the mortgage property any time prior to disposition of the proceeds of the sale by the Sheriff. LSA— C.C.P. Article 1092. Having intervened, Air Control has thusly established its right to adjudication of the rank of its alleged privilege, a matter not put at issue by the present appeal. It does not follow, however, that its intervention is without limitation or restriction and that it may assert rights personal to the defendant Eanes. On the contrary, in the absence of allegations of fraud, which are lacking therein, the mere assertion of a lien against Eanes’ property by Air Control does not give said appellant an interest in a suit by another creditor to reduce to judgment his claim against Eanes as the common debtor of both. The defense which Air Control seeks to invoke is personal to the debtor Eanes. Said debtor, having elected not to timely plead the dilatory exception of prematurity is deemed to have waived said defense. LSA-C.C.P. Article 928. Air Control, as intervenor, is without right to assert said dilatory excep *165 tion on Eanes’ behalf. Galloway v. Levitt, La.App., 135 So.2d 798.
We pretermit decision of the said issue whether intervenor Pay is without right to appeal herein on the ground it was incapable of intervening in the suit for judgment against Eanes because its corporate existence commenced subsequent to the date of said judgment.
 Assuming, arguendo, the right of Pay to intervene notwithstanding said circumstance, it too must take the case as it finds it. As intervenor, Pay may not assert any rights or defenses which were personal to Eanes. Galloway v. Levitt, supra. Moreover, even an allegation of fraud would avail Pay nothing. Since its rights are derived from Eanes, it stands precisely in Eanes’ shoes. It is settled jurisprudence that a party may not assert his own moral turpitude as a defense to an action against him. Bernard v. Auguste, 1 La.Ann. 69.
For the reasons hereinabove set forth, the motion to dismiss these appeals is granted and the appeals herein taken by appellants, Air Control Products, Inc., and Pay, Incorporated, are dismissed at said appellants’ costs.
Appeals dismissed.