FOURNET, Chief Justice.
Pringle Associated Mortgage Corporation instituted this suit via ordinaria against Ernest R. Eanes, Jr., on his note secured by a mortgage affecting certain described property situated in the Parish of East Baton Rouge, and thereafter secured a judgment by default on April 20, 1966, for $263,615.70, recognizing plaintiff’s mortgage and ordering the sale of the mortgaged property — without appraisal — which was adjudicated to the plaintiff at sheriff’s sale on June 8, 1966. Pay, Incorporated (here *714 inafter referred to as Pay), that had in the meantime acquired the rights, title, and interest of the defendant, Eanes, in the mortgaged property by deed dated May 26, 1966, secured an order granting it a devolutive appeal[1] on July 20, 1966. This appeal was dismissed on plaintiff’s motion by the Court of Appeals for the First Circuit. 197 So.2d 160. We granted a writ of certiorari on the application of Pay to review this judgment. 250 La. 910, 199 So.2d 919.
We think the appellate court properly stated in its opinion that Pay must take the case as it finds it, and that “it stands precisely in Eanes’ shoes.” The appellate court erred, however, in limiting Pay’s rights to those of an intervenor. In appealing the case, Pay did not do so as an intervenor, hut as the successor or ayantcause by purchase of Eanes’ rights, title, and interest in the property. Certainly Eanes had the right to appeal from the judgment and to have its validity reviewed on appeal. Pay, as his successor, has the same right.[2]
For the reasons assigned, the judgment of the Court of Appeals for the First Circuit, maintaining plaintiff’s motion to dismiss the appeal, is reversed. And it is now ordered, adjudged, and decreed, that the motion be overruled and the case remanded to the Court of Appeal for consideration in accordance with law. The costs in this court are to be paid by Pringle Associated Mortgage Corporation; all other costs are to await the final determination of the matter.

. Charles Bailey and Air Control Products, holders of materialman liens, entering the ease subsequent to judgment in the district court, were also granted devolutive appeals. The appeal of the latter as an intervenor was dismissed in the appellate court. Bailey first secured a hearing in the trial court, which resulted in a ruling that his lien was subordinate to plaintiff’s mortgage, and this was affirmed in the appellate court. 197 So.2d 160. The only matter before us for consideration, however, relates to the action brought by Pay, Incorporated.

. See Hargrave v. Mouton, 109 La. 533, 33 So. 590; Roach v. Craig, 124 La. 684, 50 So. 652; Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399.