BLANCHE, Judge.
This is a controversy between two creditors; one is the holder of a conventional mortgage and the other is the holder of a judicial mortgage. Appellee-conventional mortgage holder, International City Bank and Trust Company, is the holder of a note executed by the debtor, The Round Table of Louisiana, Inc. The note was secured by a mortgage in favor of International on file and of record in the office of the Clerk and Recorder of Mortgages in and for the Parish of East Baton Rouge. This mortgage having been executed and duly recorded prior to the creation of the judicial mortgage hereinafter referred to, if valid as to third persons, constitutes a first lien on the property mortgaged to secure International’s debt.
Appellant-judicial mortgage holder, Brooks Read and Associates, Inc., obtained its judgment against Round Table after the execution and recordation of the mortgage in International’s favor.
Subsequently, Round Table defaulted on the note and International filed this execu-tory process action to foreclose the mortgage and Brooks Read intervened. The *101 intervention set at issue the validity of the mortgage as to third persons such as Brooks Read on the grounds that the person who executed the mortgage on behalf of the corporation, Lewis Ray Sleeth, was not duly authorized to so act for the corporation. It is also alleged that said defect appears on the face of the public records since the mortgage itself does not state that he was so authorized, nor was there ever recorded on the face of the public records any written resolution authorizing Sleeth to execute said mortgage.
The judgment of the trial court sustaining the exception of no cause and no right of action filed by the conventional mortgage holder, International, should be affirmed.
The mortgage meets the definition of an authentic act. It was executed before a notary and two witnesses and was duly recorded in the office of the Clerk and Recorder of Mortgages in and for the Parish of East Baton Rouge, LSA-C.C. arts. 2234, 2264 and 3347, and was signed by a person purportedly representing the mortgagor as its president. Its recordation serves as notice of its existence to all who rely on the public records.
The fact that the authority of the president to represent the corporation does not appear in the public records may be a personal defense to the mortgage debtor in a suit for executory process, but it is of no moment to intervenor in the absence of a charge that the mortgage debtor committed some act of fraud or ill practice detrimental to its rights as a judicial mortgage holder. As an intervenor, he may not plead a special defense of the mortgage debtor because he may not object to any defects or infor-malities personal to the original parties. LSA-C.C.P. art. 1094; Pringle-Associated Mortgage Corporation v. Eanes, 197 So.2d 160 (La.App. 1st Cir. 1967); reversed on other grounds, 251 La. 711, 206 So.2d 81 (1968). Had such an objection been made by the mortgage debtor, as noted by the trial judge, then plaintiff could prove the authority of Sleeth to represent the corporation in the execution of the mortgage by any competent evidence including the ratification of such act by the corporation.
Furthermore, appellant does not cite and our independent research does not reveal any statutory or jurisprudential requirement that the authority of the president of a corporation to mortgage the corporation’s property be recorded in order to affect third parties.
For the above reasons, the judgment of the trial court is affirmed, at appellant’s costs.
AFFIRMED.