DOUCET, Judge.
Commercial Credit Equipment Corporation, plaintiff-appellee, instituted this action via ordinaria against the defendants, Carlton and Suzanne Woodson, in order to collect the outstanding balance on a promissory note that was secured by a chattel mortgage. The security on the mortgage was an airplane which was also the subject of the sale which gave rise to the debt. Plaintiff secured a preliminary default which was subsequently confirmed. Pursuant to this judgment, plaintiff caused a writ of fi.fa. to be issued by the’ Lafayette Parish Clerk of Court directing the Sheriff of Vermilion Parish to sell the mortgaged airplane at a public auction. The sale was conducted and plaintiff purchased the aircraft after appraisal for $50,000. As a precautionary measure however, the Sheriff filed a motion in Lafayette Parish requesting the court to rank all interested creditors before distributing the proceeds.
At this juncture, Louisiana Aircraft, Inc. intervened with a petition alleging that by virtue of a judicial mortgage it had priority over all other creditors of the defendant and was therefore entitled to the proceeds of the judicial sale. Commercial Credit denied the allegations of appellant’s intervention and prayed for a judgment recognizing them as entitled to priority over other creditors for the proceeds of the judicial sale. After a hearing on the motions previously filed in this matter, the trial court dismissed intervenor-appellant’s petition for failure to state a cause of action. The trial court also decreed that Commercial Credit Equipment Corp. is entitled to the proceeds of the judicial sale pursuant to its chattel mortgage as security for the promissory note which was the basis of the original lawsuit. From this judgment intervenor, Louisiana Aircraft, Inc., perfected this appeal.
The principal argument of Louisiana Aircraft, Inc. is that because plaintiff failed to properly notify a defendant (Carlton Wood- *323 son) of the default judgment, the judicial sale pursuant thereto is null, and plaintiff has accordingly lost its prior privilege pursuant to the mortgage because of this defect. Although appellant presents interesting theoretical arguments, he cites no authority for this proposition. The appeal is without merit.
An intervenor may not plead a personal or special defense of the mortgage debtor because he may not object to any defects or informalities personal to the original parties. The intervenor must enter the proceedings as he finds them. La. C.C.P. art. 1094; International City Bank & Trust Co. v. Round Table of Louisiana, Inc., 356 So.2d 99 (La.App. 1st Cir.1978). In accordance with this principle, we find that the appellant is precluded from using the procedural defect of inadequate notice to his advantage. This defect does not in any way disrupt the ranking between these two creditors. Commercial Credit obtained and recorded their chattel mortgage on this airplane prior to the perfection of the judicial mortgage by Louisiana Aircraft. Therefore, Commercial Credit is entitled to the proceeds of this judicial sale over inter-venor-appellant, and the trial court was correct in so holding.
For the foregoing reasons, the judgment of the trial court is affirmed at intervenor-appellant’s cost.
AFFIRMED.