**Darryl D. BERGER, et al.,**
**Plaintiffs-Appellants,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WARNER ROBINS, GEORGIA, et al., Defendants-Appellees.**

No. 86–3292.

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1987.

B. Franklin Martin, III, Marie A. Moore, Maureen O'Connor Sullivan, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for plaintiffs-appellants.

David K. Fox, Russ M. Herman, Robert C. Wallace, Sidney A. Cotlar, New Orleans, La., for defendants-appellees.

Before THORNBERRY, REAVLEY, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

In this diversity jurisdiction action which was removed from state court, Darryl Berger and David R. and Judith Fos Burrus appeal the Fed.R.Civ.P. 12(b)(6) dismissal of their petition claiming damages for a priming creditor's alleged wrongful seizure of property under the Louisiana executory process procedures. Agreeing with the district court that the complaint does not state a claim cognizable under Louisiana law, we affirm.

*Background*

Berger and Burrus refurbished property on Canal Street in New Orleans for use as a hotel. In November 1981 they sold the hotel to Delta Towers, Ltd., a Georgia limited partnership, and received for the credit portion of the sale three *in rem* promissory notes secured by a vendor's privilege and mortgage on the property. The principal and interest on those notes now exceed $21,000,000. Delta Towers later borrowed funds from several financial institutions led by defendant, First Federal Savings and Loan of Warner Robins, Georgia, securing that loan with a $37,000,000 collateral mortgage on the property. As part of this transaction, Berger and Burrus allegedly subordinated their mortgage rights to the collateral mortgage given the First Federal group.

On September 18, 1984, First Federal moved to enforce its mortgage by invoking the executory process provisions available under Louisiana law. An order of seizure and sale issued but Delta Towers secured a temporary restraining order (TRO) and prevented the sale of the property. Upon

expiration of the TRO, First Federal agreed not to sell the property until after May 15, 1985. On May 17, 1985 Delta Towers sought the protection of Chapter 11 of the bankruptcy code and the statutory stay was triggered. 11 U.S.C. § 362. First Federal caused the automatic stay to be lifted and began the process of advertising the property for sale. Claiming that the executory process petition failed to include authentic evidence of the articles of partnership, Delta Towers secured a second TRO. First Federal amended its foreclosure petition to include authentic proof of the articles of partnership and a new order of seizure and sale was issued by the state court. At the time of the district court dismissal, the hotel was under seizure but had not been sold.

In September 1985, one year after First Federal initiated its foreclosure action, Berger and Burrus filed suit in state court, alleging that First Federal had wrongfully seized the property and had damaged the value of the hotel to their detriment. The claimed damage allegedly resulted from adverse publicity about the foreclosure which diminished the value of the hotel and, accordingly, reduced the value of their security.

After removal to federal court the complaint was dismissed for failure to state a claim upon which relief can be granted. In ordering this dismissal, the district court denied an oral motion to amend offered by Berger and Burrus.

### Analysis

In this diversity jurisdiction action, as an *Erie* court we apply the substantive law of Louisiana. The parties agree that the essential legal issue before the trial court and this court has not been directly addressed by any Louisiana appellate court. The legal issue posited is whether one secured creditor has a cause of action under Louisiana law against another secured creditor for faulty use of the executory process provisions. We resolve that issue by surveying the Louisiana statutes and cases, following the guidance thus obtained, and answering the question as we conclude the

Louisiana courts would. *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394 (5th Cir.1986); *Galindo v. Precision American Corp.*, 754 F.2d 1212 (5th Cir.1985).

We begin our analysis with the jurisprudence recognizing an action for the wrongful seizure of property, either under executory process or by a writ of *fiera facias* under ordinary process. *General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245 (La.1980); *Escat v. National Bank of Commerce in New Orleans*, 284 So.2d 832 (La.App.1973) (overruled in part on other grounds in *Meyers*). The action has been allowed for failure to comply with procedural formalities, including the omission of required authentic evidence in obtaining executory process, even though the seizing party demonstrated neither bad faith nor malice. *Escat; Moses v. American Security Bank of Ville Platte*, 222 So.2d 899 (La.App.1969). The courts have imposed liability with a minimal showing of fault; indeed, it is not clear whether any proof is required beyond the fact that property was improperly seized.

As First Federal correctly observes, the Louisiana intermediate appellate courts have consistently dismissed wrongful seizure actions on a finding that the plaintiff was not the owner of the property in question. *See, e.g., Evangeline Farmer's Co-op v. Smith*, 320 So.2d 233 (La.App.1975); *Dempster v. Warner*, 194 So. 127 (La.App. 1940). Although these and similar cases do not expressly hold that one must be an owner to maintain an action for damages for wrongful seizure of property, we find the language and rationale suggestive of such.

Berger and Burrus argue that anyone having a real right in property may bring a wrongful seizure action, citing the case of *Alliance Trust Co. v. Gueydan Bank*, 162 La. 1062, 111 So. 421 (1927). We find their reliance misplaced; *Alliance Trust* does not stand for that proposition. In that case, Alliance Trust held a mortgage on a plantation and its improvements and appurtenances. Gueydan Bank held an inferior mortgage and it seized, in addition to gathered crops and cattle, certain farming

implements and machinery which were immovable by designation and, as such, subject to the Alliance Trust mortgage. Upon finding that the implements and machinery were "not subject to seizure separately from the land" and that the action of Gueydan Bank "constitute[d] a species of conversion," Louisiana's highest court allowed recovery of damages. The damages were based on the tort of conversion—the defendant wrongfully took possession of the property. That is inapposite to the case at bar. There is no suggestion that First Federal does not have a valid mortgage, or that it was not entitled to foreclose on the Delta Towers property, or that it could not cause the property to be seized and sold for default of its mortgage. The legal dispute is focused entirely on the question whether the technical requirements for use of the executory process vehicle were satisfied. First Federal neither converted nor took possession of property to which it had no claim.

We find other cases and a relevant, specifically directed statutory remedy, which generally support the trial court's decision. For example, in *International City Bank v. Round Table of Louisiana, Inc.*, 356 So.2d 99 (La.App.1978), a mortgagee sought to foreclose by executory process. An inferior mortgage-holder intervened, attempting to prime the seizing mortgagee by challenging the authority of the corporate officer who had executed the earlier mortgage. The Louisiana court held that the intervening mortgagee had no right to challenge the authority of the officer who signed the other mortgage. Other Louisiana cases establish that procedural defects in foreclosures may be raised only by the debtor and may not be advanced by competing creditors. *Pringle Associated Mortgage Corp. v. Eanes*, 197 So.2d 160 (La.App.1967), *rev'd on other grounds*, 251 La. 711, 206 So.2d 81 (1968) (prematurity of foreclosure may only be raised by mortgagor-debtor); *Gilkeson-Sloss Commission Co. v. Bond & Williams*, 44 La.Ann. 841, 11 So. 220, 221 (1892) (wrongful attachment may not be raised by intervenor, because "[t]he formality and regularity of the proceedings, the rightful issuing of the attach-

ment, in the absence of fraud and collusion between plaintiff and defendants, are matters pertaining exclusively to the plaintiff [debtor]."). There is no suggestion of fraud or collusion between First Federal and Delta Towers and the fraud/collusion exception has no applicability to the case at bar.

In addition to these jurisprudential blazings, we find a legislative marking. The holder of a mortgage has been granted a right against third parties, ostensibly including a third party holding a competing mortgage, for damages to the secured property. La.R.S. 9:5382 provides:

> The holder of a conventional mortgage shall have the same rights, privileges, and actions as the mortgagor land owner to recover against any person who, without the written consent of the mortgagee, buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to the use of himself or another, any trees, buildings, or other immovables covered by the mortgage.

The language of the statute seems to contemplate actual physical dominion over immovables other than the land itself. We do not purport to define the parameters of this legislation, but we are satisfied that it does not extend to the dispute at bar. It offers Berger and Burrus no succor; to the contrary, it appears to isolate and codify the right of a security-holder to share in recovery for acts of physical dominion over property under ordinary tort principles. *Cf. Alliance Bank.*

It is beyond our authority as an *Erie* court to fashion a broader remedy than that provided thus far by the Louisiana legislature and courts. We find no basis in Louisiana law for the action that Berger and Burrus asserted against First Federal. In so concluding, we underscore that this case does not pose the question whether a secured creditor might be permitted to intervene or otherwise share or participate in a debtor's action for damages occasioned by the wrongful seizure of property. On that we express no opinion.

The trial court neither erred nor exceeded its discretion in rejecting appellants' oral motion to amend, and correctly dismissed their action under Fed.R.Civ.P. 12(b)(6).

AFFIRMED.