### No. 261.—JOHN N. CATLETT *v.* HEFFNER & LIKENS.

A suit brought on an obligation that is not due, is premature, and should be dismissed, leaving the party to his remedy when the obligation matures. C. P. 158. A sequestration may, however, issue where a privilege exists, notwithstanding the principal obligation is not yet due. C. P. 275.

| 23 | 577 |
|----|-----|
| 46 | 480 |
| 23 | 577 |
| 47 | 747 |
| 23 | 577 |
| 49 | 944 |
| 23 | 577 |
| 121 | 790 |

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Nutt & Leonard*, for plaintiff and appellee. *A. W. O. Hicks*, for defendants and appellants.

WYLY, J. The case is correctly stated by the defendant Heffner and is the following:

This suit was filed on the twenty-sixth November, 1868, to enforce the collection of a note for $1038 43, due the first of January, thereafter, and to have enforced a mortgage upon one acre of land, and fixtures and appurtenances, given to secure the payment of the note. The plaintiff alleges that the defendant had unlawfully removed a saw and grist mill, a portion of the property mortgaged, off the premises to another place within the jurisdiction of the court, and that he fears and believes they will remove said property out of the State before he can have the benefit of his mortgage, and that he fears and believes they will conceal, part with or dispose of said property during the pendency of the suit, and prays for writs of sequestration, directing the sheriff to sequester and take into his possession said property, and, after all legal notices and delays, that he have judgment against defendants, *in solido*, for said sum and interest, and that his mortgage be recognized and enforced. On the same day the judge ordered writs of sequestration to be issued. The writ was issued, and the sheriff sequestered one saw mill, machinery and tackle in the possession of defendant, Heffner.

The defendants appeared and pleaded the prematurity of the action, and prayed its dismissal. On the same day they also filed a motion to dissolve the writs of sequestration. On the eighteenth of February, 1870, the defendant Heffner reconvened for damages against the plaintiff, and the court ordered the exception, motion to dissolve, and plea in reconvention to be referred to the merits. Death of defendant Likens was suggested, and leave granted to revive. Upon these pleadings the court rendered judgment for the amount of the note, and

73

ordered the property mortgaged to be sold, and sustained the writ of sequestration, and rejected the reconventional demand, and defendant Heffner appealed.

We think the plea of the prematurity of the action should have prevailed. The note which the plaintiff declared was due him on the day the suit was filed, November 26, 1868, was not due till the first day of January, 1869. The prayer of the petition is for a writ of sequestration, that said Heffner & Likens "be cited to answer hereto, and after legal notice and delays, your petitioner have judgment against them, in solido, for said sum, and interest and costs, recognizing his mortgage as herein set forth, and ordering the same to be enforced," etc.

The suit is to collect the debt, to have the mortgage recognized, and to sequester the property. Because the plaintiff, under the state of facts contemplated by article 275 C. P. may sequester the mortgaged property to prevent its removal from the State "before he can have the benefit of his mortgage," whether the same be due or not, does not give him greater rights than the mortgag? gave or the debtors have consented he should have, as to the time at which he may enforce payment. The remedy contemplated by articles 208 and 275 C. P. is conservatory only; it is for the purpose of preventing the removal of the property from the State before the mortgagee "can have the benefit" of his special mortgage. They were not intended to alter the stipulation in the contract fixing the date at which the obligation was to mature. That was the accident of the contract, which it was lawful for the parties to agree upon. In this case the law which the parties made to themselves provides that the debt shall become due January 1, 1869, and article 158 C. P. says: "When the demand is premature, that is to say, when the action has been brought before the debt has become due, the suit must be dismissed, leaving to the party his right to bring his action in due time."

We do not understand that articles 208 and 275 C. P. were intended to modify or make an exception to the rule announced in article 158.

It is true, in the case before us, the debt had matured before the judgment was rendered. But if the principle contended for by the plaintiff be acknowledged, it would be extending these articles for a purpose not contemplated by them. Any fact or circumstance justifying the application of the remedy provided in them, would have the practical effect of altering the contract or the terms of the principal obligation. The accessory obligation of mortgage or the remedy provided therefor, would annul a material stipulation in the principal obligation, to wit, the date of payment consented to by the parties. If a debtor may be sued two months before his note is due, because of the application of a remedy appertaining to the accessory right of mortgage, he may, on the same principle, be sued ten years before the

debt has become exigible. The court would thus be called upon to enforce an obligation that the parties have consented should not be enforced till a given time in the future, and practically to enforce a contract not made by the parties. As the defendants could not be summoned to trial for judgment on the debt before it was due, the demand should be dismissed under article 158 C. P. This would not dismiss the demand for a sequestration, which was not premature, but was permitted by article 275 C. P. But this demand, it appears from the evidence, was made without sufficient cause. The defendants were not about to remove the property from the State. The sequestration should therefore be dismissed, for want of just cause.

It is therefore ordered that the judgment herein be annulled, and that this suit be dismissed at plaintiff's costs, without prejudice to his right to bring his action in due time. C. P. 158.